IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEITH ROBERTSON     *
       Plaintiff,
v.     * CIVIL ACTION NO. RDB-10-3629

JAMES B. SOWKA     *
       Defendant.
            ***

## **MEMORANDUM OPINION**

Plaintiff, a resident of Baltimore, Maryland, filed this *pro se, in forma pauperis* case invoking this Court's 28 U.S.C. § 1332 diversity jurisdiction on December 27, 2010. The civil cover sheet attached to the Complaint, however, cites to "other civil rights" as the nature of suit and the Complaint itself alleges that Defendant, an attorney with a Chicago, Illinois law firm, has shown a "complete disregard for [Plaintiff's] constitutional rights." ECF No. 1 at p. 2; Attached Civil Cover Sheet. Plaintiff asserts that a tax lien issued against his wages was released by the Maryland Comptroller in May of 2007, showing an alleged balance of approximately $26,000.00.[1] He asserts that that the release indicated that the lien was satisfied at $18,147.80. Plaintiff appears to state that to date over $27,276.06 in wages has been garnished, leaving the sum of $9,128.26 in payment over the alleged tax debt. He claims that the Comptroller did not properly file a release in the Circuit Court for Baltimore City, but there is no "ambiguity" that the lien has been satisfied and released by the State.[2]

---

[1]     Plaintiff appears to claim that this $26,000.00 balance included the 2001 tax year that was not part of a notice filed in the Circuit Court for Baltimore.

[2]     Although the state court case is not referenced by Plaintiff, it is believed that the circuit court matter relates to *State v. Robertson*, 24C07005919 (Circuit Court for Baltimore City), which involves a notice

Plaintiff alleges that despite the aforementioned facts, Defendant believes that the State of Maryland is still is entitled to collect an alleged tax debt, including interest, from 2001 and he continues to order Plaintiff's employer, Motorola, to garnish his wages although he has no legal documentation in support of doing so. Plaintiff asks the Court to: (1) compel Defendant's law firm to remove him from the case; (2) report his conduct to an attorney disciplinary commission in Chicago, and (3) award him compensatory and punitive damages totaling $7,762.60. ECF No. 1 at pgs. 2 & 3. A Motion for Preliminary Injunction, seeking a stay of the "illegal garnishment enforced" by Defendant, was filed with the Complaint. ECF. No. 3.

The Complaint is also accompanied by a Motion to Proceed Without the Prepayment of Fees. ECF No. 2. The indigency application shows that Plaintiff earns a monthly net income of $2,800.00 from Motorola; maintains a checking account of $21.82; and owns a vehicle worth $2,000.00. The application also affirms that Plaintiff is responsible for two children and has total monthly expenses of $2,932.00. The Court will grant his indigency application. The Court shall now address the threshold issue of jurisdiction over the Complaint.

This Court is a court of limited original jurisdiction. It does not sit to review every claim routinely filed in the state courts[3] and has jurisdiction to review such claims only if diversity of citizenship jurisdiction exists. Diversity jurisdiction under 28 U.S.C. § 1332 exists where the parties are diverse *and* the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

---

of lien judgment. The matter was dismissed by Judge W. Michael Pierson on or about October 16, 2007. *See* http://casesearch.courts.state.md.us/inquiry.

[3] Plaintiff does not level any state common law claims against Defendant. His allegations, however, at best raise claims of legal malfeasance.

2

When a party seeks to invoke diversity jurisdiction under 28 U.S.C. § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2$^d$ Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). From a reading of the Complaint it would appear that the parties are from different states and the cause of action therefore meets diversity of citizenship requirements.

However, the damage claim set out by Plaintiff fails to meet the jurisdictional amount in controversy under 28 U.S.C. § 1332. It is a firmly established general rule of the federal courts that a Plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction. *See McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). The broad sweep of the rule is subject to the qualification that a Plaintiff's claim must be made in good faith--there must be no pretense to the amount in dispute. *Id.* In addition, while good faith is a salient factor, it alone does not control; if it appears to a legal certainty that the Plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red. Cab Co.*, 303 U.S. 283, 289 (1938); *see also Shanaghan v. Cahill*, 58 F.3d 106, 100 (4th Cir. 1995).

In the instant case Plaintiff seeks damages in the amount of $7,762.60. When considering the sum certain involved in this case, the Court find that his cause of action does not meet the $75,000.00 amount in controversy to satisfy diversity requirements.

Finally, while Plaintiff makes reference to "constitutional" violations, he fails to articulate a factual basis for alleging civil rights violations on the part of Defendant. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009).

The matter shall be dismissed by separate Order under Fed. R. Civ. P. 12(h)(3) for lack of subject-matter jurisdiction. In light of this decision, Plaintiff's Motion for Preliminary Injunction shall be dismissed.

Date: December 28, 2010

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

4